UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                   :

ORIENTVIEW TECHNOLOGIES LLC,        :

                                                   :          13 Civ. 0538 (PAE)

                                 Plaintiff,      :

                    –v–                          :          OPINION & ORDER

                                                   :

SEVEN FOR ALL MANKIND, LLC,         :

                                                 :

                               Defendant.    :

                                                   :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       Plaintiff Orientview Technologies LLC ("Orientview") brings this action against defendant Seven For All Mankind LLC ("7FAM") for alleged infringement of United States Patent No. 7,000,183 (the "'183 Patent"), 35 U.S.C. §§ 1 *et seq*. Specifically, Orientview brings claims of patent infringement under 35 U.S.C. § 271(a) for 7FAM's use of an "Other Items You Will Love" recommendation on its website (www.7forallmankind.com) that presents information in a manner customized to the particular viewer.

       Orientview moves to (1) strike 7FAM's Fourth, Sixth, and Seventh Affirmative Defenses, and 7FAM's Non-Infringement Counterclaim under Federal Rule of Civil Procedure 12(f); and (2) dismiss 7FAM's Invalidity Counterclaim under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court grants in part and denies in part Orientview's motion.

I.      **Factual Allegations and Procedural History**[1]

Orientview brings this action against 7FAM for alleged violation of the '183 Patent, issued February 14, 2006, of which Orientview represents that it is the exclusive licensee. Compl. ¶ 9.  The infringement that Orientview alleges is 7FAM's "making, using, providing, offering to sell, and selling . . . methods for computer-implemented method for viewer-specific presentation of information, the method using a computer comprising a CPU, a memory operatively connected to the CPU, and a program stored in the memory and executable by the CPU for presenting information" on 7FAM's website, www.7forallmankind.com. *Id.* ¶ 12. Orientview alleges that the "Other Items You Will Love" feature of 7FAM's website—which generates viewer-specific product recommendations for customers based on items previously viewed on the website—uses technology covered by the '183 Patent.  Compl. *Id.* ¶ 13.

On January 23, 2013, Orientview filed its Complaint.  Dkt. 1.  On April 8, 2013, 7FAM filed an Answer.  Dkt. 8.  On April 11, 2013, Orientview filed its first motion to dismiss and strike 7FAM's counterclaims, Dkt. 10, and a memorandum of law in support of that motion, Dkt. 11.  On April 29, 2013, 7FAM filed an Amended Answer.[2]  Dkt. 22.  On May 20, 2013, Orientview filed a new motion to strike and to dismiss 7FAM's affirmative defenses and counterclaims from its Amended Answer.  Dkt. 27.  On May 29, 2013, the Court held an initial

---

[1] The Court's account of the facts is drawn from Orientview's Complaint ("Compl.") (Dkt. 1). The other materials cited herein include defendant 7FAM's First Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint ("Am. Answer") (Dkt. 22), Orientview's Memorandum of Law in Support of its Motion to Strike and to Dismiss Defendant's Affirmative Defenses and Counterclaims ("Orientview Br.") (Dkt. 27), and 7FAM's Memorandum of Law in Opposition to Plaintiff Orientview Technologies LLC's Motion to Strike and Dismiss Defendant's Counterclaims and Affirmative Defenses ("7FAM Br.") (Dkt. 32).

[2] Along with its Amended Answer, 7FAM also filed a memorandum in opposition to Orientview's first motion to dismiss.  Because 7FAM elected to amend its answer rather than oppose Orientview's first motion, however, the Court disregards this premature opposition brief that is, in any event, superseded by 7FAM's opposition to Orientview's second motion.

pretrial conference with the parties, at which the pending motion was discussed. On June 3, 2013, 7FAM filed its opposition to that motion. Dkt. 32.

## II.   Applicable Legal Standards

### A.  Motion to Strike

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).[3] For a court to strike an affirmative defense as insufficient, "(1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense." *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010) (citation omitted). A redundant counterclaim may be dismissed "[w]hen a counterclaim is merely the 'mirror image' of an opposing party's claim and the counterclaim serves no independent purpose." *Worldwide Home Prods., Inc. v. Bed Bath & Beyond, Inc.*, No. 11 Civ. 03633 (LTS), 2013 WL 247839, at *2 (S.D.N.Y. Jan. 22, 2013). A counterclaim is the "mirror image" of a claim if "a case or controversy would [not] still exist in connection with the counterclaim if the court entered a judgment dismissing the opponent's claim." *Id.*

### B.  Motion to Dismiss

"A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." *Revonate Mfg., LLC v. Acer Am. Corp.*, No. 12 Civ. 6017 (KBF), 2013 WL 342922, at *2 (S.D.N.Y. Jan. 18, 2013) (quoting *Netrix Leasing, LLC v. K.S. Telecom, Inc.*, No. 00 Civ. 3375 (KMW), 2001 WL 228362, at *8 (S.D.N.Y. Mar. 7, 2011)). To survive a

---

[3] A "pleading," in turn, is defined by Rule 7(a) as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a).

motion to dismiss under Rule 12(b)(6), a complaint must allege facts that, accepted as true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A complaint is not required to provide "detailed factual allegations," but must assert "more than labels and conclusions" and more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S at 555. The facts pled "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* The Court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the nonmoving party. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).

### III. Discussion

#### A. Affirmative Defenses

In response to the allegations set forth in the Complaint, 7FAM asserts eight affirmative defenses. Amended Answer, Affirmative Defenses ¶¶ 1–8. Orientview moves to strike, under Rule 12(f), the Fourth, Sixth, and Seventh Affirmative Defenses. Orientview Br. 11–12.

##### 1. Fourth and Seventh Affirmative Defenses

The Fourth Affirmative Defense states that "[t]o the extent that Plaintiff asserts that 7FAM indirectly infringes, either by contributory infringement or inducement of infringement, 7FAM is not liable to Plaintiff for the acts alleged to have been performed before 7FAM knew that its actions would cause indirect infringement." Amended Answer, Affirmative Defenses ¶ 4. The Seventh Affirmative Defense states that "[t]he injunctive relief Orientview seeks is barred

because, if Orientview is entitled to any relief, Orientview has an adequate remedy at law." *Id.* ¶ 7. These defenses, involving as they do claims of indirect or contributory infringement and the request for injunctive relief, respectively, are not relevant to the complaint, which neither alleges indirect infringement nor seeks injunctive relief. Both parties have now represented that these defenses are not relevant to the case. *See* Orientview Br. 11 ("Plaintiff does not allege[] indirect infringement and does not seek injunctive relief."); 7FAM Br. 3 n.1 ("If Orientview is willing to stipulate that 7FAM does not indirectly infringe the asserted claims and that Orientview is not entitled to injunctive relief, 7FAM will not oppose such stipulations."); *see also* Compl. Because there is no dispute over this fact, the Court strikes these defenses as "immaterial" under Rule 12(f). *See* Fed. R. Civ. P. 12(f).

### 2. Sixth Affirmative Defense

7FAM's Sixth Defense states that "[t]he claims of the '183 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by 7FAM." Amended Answer, Affirmative Defenses ¶ 6. Orientview contends that this affirmative defense is "duplicative [of] the First Defense" and "not legally proper." Orientview Br. 3, 12. The First Defense states that "7FAM does not and has not infringed . . . any valid, enforceable claim of the '183 Patent." Amended Answer, Affirmative Defenses ¶ 1.

"Federal courts have discretion in deciding whether to grant motions to strike." *Allocco v. Dow Jones & Co., Inc.*, No. 02 Civ. 1029 (LMM), 2002 WL 1484400, at *1 (S.D.N.Y. July 10, 2002). In general, motions to strike are "not viewed favorably. . . . Unless the pleading is obviously insufficient as a matter of law, or the severity of the prejudice outweighs the materiality of the allegation, it will not be stricken." *Corley v. Jahr*, No. 11 Civ. 9044 (RJS)(KNF), 2012 WL 4888303, at *1–2 (S.D.N.Y. Oct. 4, 2012), *report and recommendation*

*adopted*, 2012 WL 6187076 (S.D.N.Y. Dec. 12, 2012) (quoting *Wohl v. Blair & Co.*, 50 F.R.D. 89, 91 (S.D.N.Y. 1970) (citation omitted)).  Motions to strike will be denied unless a party "demonstrate[s] that no evidence in support of the allegation would be admissible, that the allegations have no bearing on the issues in the case, and that to permit the allegations to stand would result in prejudice to the movant." *Allocco*, 2002 WL 1484400, at *1; *see also Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).  Furthermore, courts have recognized the inherent imprecision involved in the assertion of affirmative defenses, such that the "cautious pleader is fully justified in setting up as affirmative defenses anything that might possibly fall into that category, even though that approach may lead to pleading matters as affirmative defenses that could have been set forth in simple denials." *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982).

      Given the discretion afforded—and the general disfavor exhibited by—courts when evaluating motions to strike, the Court declines to strike 7FAM's Sixth Affirmative Defense. The Court finds the defense does bear on the issues in the case, and there is no prejudice to Orientview in allowing the defense to stand, broadly stated though it appears to be.  *Corley*, 2012 WL 4888303, at *1–2; *Allocco*, 2002 WL 1484400, at *1.  To the extent that Orientview argues that the defense is redundant, its retention poses no risk of prejudice to Orientview, which is already obligated to defend itself against the First Affirmative Defense and the Non-Infringement Counterclaim, discussed *infra* pp. 7–8.  As such, the Court sees no reason to exercise its discretion to strike the Sixth Affirmative Defense.  Orientview's motion to strike the Sixth Affirmative Defense is thus denied.

### B. Counterclaims

In response to Orientview's allegations, 7FAM has submitted two counterclaims, requesting declaratory judgments that (1) 7FAM "does not infringe any claim of the '183 Patent" (the "Non-Infringement Counterclaim"), and (2) that "the claims of the '183 Patent are invalid for failure to comply with one or more of the requirements of . . . 35 U.S.C. §§ 101, 102, 103, and 112 and the rules, regulations, and laws pertaining thereto (the "Invalidity Counterclaim")." Amended Answer, Counterclaims ¶¶ 6, 8.

#### 1. Non-Infringement Counterclaim

Orientview maintains that 7FAM's Non-Infringement Counterclaim is a "mirror image" of its infringement claim against 7FAM and should thus be stricken under Rule 12(f). Orientview Br. 6, 10. Although the Second Circuit and other district courts in this Circuit have held non-infringement counterclaims invalid when they are simply "mirror images" of complaints, *see, e.g.*, *Larson v. General Motors Corp.*, 134 F.2d 450, 453–54 (2d Cir. 1943); *Maverick Recording Co. v. Chowdhury*, No. 07 Civ. 640 (DGT), 2008 WL 3884350, at *2 (E.D.N.Y. Aug. 19, 2008); *Interscope Records v. Kimmel*, No. 307 Civ. 0108 (TJM), 2007 WL 1756383, at *4 (N.D.N.Y. June 18, 2007), several courts have distinguished the contexts in which these claims are valid, notwithstanding *Larson*. *See, e.g.*, *Leach v. Ross Heater & Mfg. Co.*, 104 F.2d 88, 91–92 (2d Cir. 1939); *Arista Records LLC v. Usenet.com., Inc.*, No. 07 Civ. 8822 (HB), 2008 WL 4974823, at *3 (S.D.N.Y. Nov. 24, 2008); *Maverick Recording*, 2008 WL 3884350, at *2; Interscope Records, 2007 WL 1756383, at *3–4. Importantly, the courts note that "in an infringement action, a counterclaim seeking a declaration of non-infringement will be viable only when it presents an independent case or controversy that would survive a dismissal of the plaintiff's infringement claim." *Maverick Recording*, 2008 WL 3884350, at *2. Applying

this standard, the counterclaims in *Larson* were not sustainable, because the plaintiff consented to a judgment—on the merits—of its infringement claims, and "because the defendants faced no threat of future litigation, no case or controversy existed in connection with the defendant's counterclaim." *Maverick Recording*, 2008 WL 3884350, at *2 (describing *Larson*). In contrast, the plaintiffs in *Leach* voluntarily dismissed the suit, with no ruling on the merits. This left defendants open to the threat of future litigation regarding the same patent, and thus the court did not find it appropriate to dismiss the counterclaims. *Leach*, 104 F.2d at 91 ("[T]he patentee may, for all that the defendant knows, withdraw his suit without prejudice and continue broadcasting assertions of infringement."). Unlike in *Larson*, the defendants in *Leach* brought invalidity counterclaims in addition to non-infringement ones, a fact that courts have found important when assessing whether a counterclaim for declaratory judgment of non-infringement would survive dismissal of the plaintiff's claims. *See Arista Records*, 2008 WL 4974823, at *3; *Maverick Recording*, 2008 WL 3884350, at *2; *Interscope Records*, 2007 WL 1756383, at *4.

In this case, 7FAM is indeed challenging the validity of Orientview's patent. Were the case to be dismissed short of a ruling on the merits, 7FAM would remain vulnerable to liability on the same claims. Thus, "a case or controversy would still exist in connection with the counterclaim." *Worldwide Home Prods.*, 2013 WL 247839, at *2. In light of that fact and of the high threshold that a motion to strike triggers, the Court declines to strike the Non-Infringement Counterclaim.[4]

---

[4] Unlike with regard to the Invalidity Counterclaim, Orientview has not moved to *dismiss* 7FAM's Non-Infringement Counterclaim pursuant to Rule 12(b)(6). In any event, the Non-Infringement Counterclaim clearly meets the relaxed Form 18 pleading standard relevant to direct infringement claims (and thus to non-infringement counterclaims), discussed more fully *infra* at Part III(B)(ii).

## 2. Invalidity Counterclaim

7FAM's Invalidity Counterclaim, however, cannot survive Orientview's motion to dismiss. Orientview argues that 7FAM's Invalidity Counterclaim must be dismissed under Rule 12(b)(6) for failure to meet the pleading standard articulated in *Twombly* and *Iqbal*. *See* Orientview Br. 12–19. Claims of direct infringement in patent cases are not required to meet the more stringent plausibility standard articulated by *Twombly* and *Iqbal*: Instead, Official Form 18 in the Appendix of Forms to the Federal Rules of Civil Procedure governs the standard for such a claim. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012); *Hon Hai Precision Indus. Co., Ltd. v. Wi-LAN, Inc.*, No. 12 Civ. 7900 (SAS), 2013 WL 2322675, at *3 (S.D.N.Y. May 28, 2013) ("[T]he Federal Circuit has held that whether a complaint adequately pleads direct infringement is to be measured by the specificity required by Form 18, which . . . is less stringent than the plausibility standard."); *Automated Transaction LLC v. N.Y. Community Bank*, No. 12–CV–3070 (JS)(ARL), 2013 WL 992423, at *2–3 (E.D.N.Y. Mar. 13, 2013); *Loftex USA LLC v. Trident Ltd.*, No. 11 Civ. 9349 (PAE), 2012 WL 5877427, at *3 (S.D.N.Y. Nov. 20, 2012). This lesser standard, however, applies only to direct *infringement* claims. *See Hon Hai*, 2013 WL 2322675, at *8 ("The Federal Circuit's holding that notice pleading applies to claims of direct infringement is *expressly* limited to such claims." (emphasis in original)); *Gradient Enters., Inc. v. Skype Techs. S.A.*, No. 10 Civ. 6712 (DGL), 2013 WL 1208565, at *4 (W.D.N.Y. Mar. 25, 2013) (collecting cases).

Courts have split both as to whether an invalidity counterclaim must meet *Twombly* and *Iqbal*'s heightened pleading standard, and, if it must, whether such a counterclaim survives if it does no more than simply assert the invalidity of the patent in question with no factual elaboration. At least one court has squarely held that invalidity counterclaims need not meet the

*Twombly*/*Iqbal* standard. *See Microsoft Corp. v. Phoenix Sol'ns, Inc.*, 741 F. Supp. 2d 1156, 1159 (C.D. Cal. 2010) ("[B]ecause the Court requires that invalidity contentions be served promptly after a counterclaim of invalidity is advanced, invalidity claims are not subject to the heightened pleading standards of *Twombly* and *Iqbal*."). Many more courts, however, hold invalidity counterclaims to a lower pleading standard in practice, even if they purport to apply the *Twombly*/*Iqbal* standard. *Compare Pfizer Inc. v. Apotex Inc.*, 726 F. Supp. 2d 921, 937–38 (N.D. Ill. 2010) (holding that an invalidity counterclaim stating that the disputed patents were "invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code" met the Rule 8(a) pleading standard), *Elan Pharma Int'l Ltd. v. Lupin Ltd.*, No. CIV. A. 09-1008 (JAG), 2010 WL 1372316, at *4 (D.N.J. Mar. 31, 2010) (holding that an invalidity counterclaim stating that "the '249, '802 and the '986 patents are invalid under one or more provisions of 35 U.S.C. §§ 101-105" met the Rule 8(a)(2) pleading standard), *and Teirstein v. AGA Med. Corp.*, No. 6:08CV14, 2009 WL 704138, at *4–6 (E.D. Tex. Mar. 16, 2009) (holding that an invalidity counterclaim stating "[t]he claims of the '995 patent are invalid for failing to satisfy one of more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112" met the Rule 8(a) and *Twombly* standard), *with Gradient Enters.*, 2013 WL 1208565, at *5 (holding that defendants' invalidity counterclaims "fail to meet the pleading standards of *Twombly* and *Iqbal*"), *Senju Pharm. Co., Ltd. v. Apotex, Inc.*, No. Civ. 12-159 (SLR), 2013 WL 444928, at *4 (D. Del. Feb. 6, 2013) (holding that "the pleading standards set forth in *Twombly* and *Iqbal* apply to counterclaims of invalidity"), *Whitserve, LLC v. GoDaddy.com, Inc.*, No. 3:11-CV-948 (JCH), 2011 WL 5825712, at *2 & n.2 (D. Conn. Nov. 17, 2011) (dismissing, under Rule 12(b)(6), a counterclaim alleging that "[u]pon information and belie[f], the '468 Patent is invalid under one or more provisions of

10

Title 35 of the U.S. Code, §§ 101, 102, 103 and 112," because it provided "no basis to conclude its claims are in any way plausible"), *Wireless Ink Corp. v. Facebook, Inc.*, 787 F. Supp. 2d 298, 313 (S.D.N.Y. 2011) (holding that an invalidity counterclaim stating that "[t]he '983 patent and each claim thereof are invalid for failing to comply with the provision of the United States patent laws, including one or more of 35 U.S.C. §§ 101, *et seq.* . . . fails to show why the pleader is entitled to a declaration of invalidity. . . and fails to satisfy Rule 8(a)"), *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 904 (E.D. Pa. 2011) (holding that the defendant's invalidity counterclaim failed to meet the *Twombly* standard), *and Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 623 (S.D.N.Y. 2008) (holding that "counterclaims alleging that the '747 and '545 patents are invalid . . . fail to meet the minimal requirements of notice pleading under Fed. R. Civ. P. 8(a)").

7FAM attempts to distinguish this case by pointing out that, in most of the jurisdictions where courts have held such claims deficient, there were no governing Local Patent Rules in place. In contrast, 7FAM points out, Local Patent Rules do apply in this district. Those rules, 7FAM argues, would be "rendered unnecessary and superfluous" if courts were to require more information at the pleading stage than a plain statement of invalidity, because the Local Rules require "invalidity contentions" to be served on the opposing party at a later stage.

This argument is not without force. Indeed, the *Pfizer*, *Elan*, and *Teirstein* cases, in which such claims were held to meet the pleading standard, were all decided in districts where local patent rules were in place. *See Pfizer*, 726 F. Supp. 2d at 938 ("[D]ismissal of Apotex's counterclaims for failure to satisfy Rule 8(a) would undermine the Local Patent Rules, which require more detailed disclosures at a later stage."); *Elan*, 2010 WL 1372316, at *4 (requiring further specificity of invalidity claim would render local patent rules "superfluous"); *Teirstein*,

2009 WL 704138, at *5 ("The factual allegations which Plaintiff suggests are missing from Defendant's counterclaim include the same information that the Patent Rules require parties to disclose in the Invalidity Contentions. Requiring such allegations to be included in the pleadings would turn the Invalidity Contentions required by the Local Patent Rules into an exercise in futility."). In addition, several courts that have held similar claims to be lacking in specificity have noted the fact that, in contrast, no local patent rules were in place in those districts. *See, e.g.*, *Gradient Enters.*, 2013 WL 1208565, at *5; *Senju Pharm. Co.*, 2013 WL 444928, at *4; *Whitserve*, 2011 WL 5825712, at *2 n.2; *Tyco Fire Prods.*, 777 F. Supp. 2d at 904. Furthermore, the Local Patent Rules were only recently adopted in this District,[5] and few courts have analyzed the pleading standard for invalidity claims since they took effect.

      This Court is ultimately not persuaded, however, that a bare assertion of invalidity meets the pleading requirements demanded by *Twombly* and *Iqbal*. Although some superfluity may result, the Local Patent Rules and the heightened pleading standard are not inconsistent. And in the absence of any directive that claims of invalidity, like claims of direct infringement, should be measured under a different standard than almost all other claims in this Circuit are, the Court declines to do so.[6] Other courts have, at least hypothetically, arrived at the same conclusion. *See Whitserve*, 2011 WL 5825712, at *2 n.2 ("[T]he existence of . . . Local Patent Rules should not alter pleading standards."); *Tyco Fire Prods.*, 777 F. Supp. 2d at 904 ("Even if [] this district

---

[5] The Southern District's Local Patent Rules became effective April 8, 2013. *See* No. M10-468 (LAP), available at http://www.nysd.uscourts.gov/rules/Standing_Order_In_re_Local_Patent_Rules.pdf.

[6] The Court is mindful that, even in patent cases, the law of the regional Circuit, not the Federal Circuit, governs procedural questions not specific to patent law. *See Madey v. Duke Univ.*, 307 F.3d 1351, 1358 (Fed. Cir. 2002); *Resqnet.com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578 (RWS), 2004 WL 1627170, at *1 (S.D.N.Y. July 21, 2004). The applicable pleading standard is such a procedural question. *See Hon Hai*, 2013 WL 2322675, at *4.

did adopt local patent rules, . . . they could not modify a defendant's pleading standard for counterclaims under the national rules." ).

Measured against the heightened pleading standard, 7FAM's invalidity counterclaim falls well short. The Invalidity Counterclaim here, a bare assertion, is devoid of any factual content whatsoever. It says nothing about the basis on which 7FAM contends the '183 patent is invalid. *See* Amended Answer, Counterclaims ¶ 8 (seeking a "declaration by the Court that the claims of the '183 Patent are invalid for failure to comply with one or more of the requirements of United State Code, Title 35, including without limitation, §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto"). As noted above, courts have routinely held invalidity counterclaims almost identical to this one invalid.

Applying the *Twombly* and *Iqbal* pleading standard to 7FAM's Invalidity Counterclaim, therefore, the Court finds that it falls short. 7FAM has failed to plead this claim with requisite specificity. The Invalidity Counterclaim is thus dismissed.[7]

## CONCLUSION

For the foregoing reasons, the Court grants Orientview's motion to strike 7FAM's Fourth and Fifth Affirmative Defense and to dismiss 7FAM's Invalidity Counterclaim, and denies

---

[7] The Court notes that, functionally, the effect of dismissing 7FAM's Invalidity Counterclaim is trifling at best. 7FAM retains the right to assert invalidity as an affirmative defense, as it has done here. *See* Amended Answer, Affirmative Defenses ¶ 2. *Cf. Hon Hai*, 2013 WL 2322675, at *9 & n.96 ("The majority of district courts in this Circuit to consider the issue have held that affirmative defenses are not subject to the pleading standard of *Twombly*"; collecting cases); *Serby v. First Alert, Inc*, No. 09–cv–4229 (WFK), 2013 WL 1281561, at *7 (E.D.N.Y. Mar. 27, 2013) ("This Court concludes that the pleading standards announced in *Twombly* do not apply to affirmative defenses."); *Wireless Ink*, 787 F. Supp. 2d at 313–14 (distinguishing between standard for invalidity as counterclaim and as affirmative defense). *But see Lane v. Page*, 272 F.R.D. 581, 589 n.5 (D.N.M. Jan. 14, 2011) (collecting cases in which courts have applied *Twombly*/*Iqbal* heightened pleading standard to affirmative defenses).

Orientview's motion to strike 7FAM's Sixth Affirmative Defense and Non-Infringement Counterclaim.

The Clerk of Court is directed to terminate the motions pending at docket numbers 10 and 27.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: August 7, 2013
       New York, New York